UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASMINE ROBESON,

        Plaintiff,

v.

SWIFT TRANSPORTATION SERVICES, LLC, et al.,

        Defendants.

Case No: 1:20-cv-28

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Defendant Hudson Insurance Agency, LLC moves for dismissal of all of Plaintiff's claims against it. For the reasons stated below, the undersigned recommends that Defendant's motion be granted.

**I.    Background**

Plaintiff Jasmine Robeson initiated this litigation in the Warren County Court of Common Pleas, alleging that she sustained serious injuries when a semi-tractor trailer driven by Defendant Joel Jason Phillips struck her semi-tractor trailer in a parking lot at a staging/fueling "Flying J" stop located in Ohio on December 26, 2017. (Doc. 2 at ¶1). In addition to suing Phillips, Plaintiff has named as additional Defendants: the Swift Transportation Services, LLC ("Swift"),[1] the Hudson Insurance Agency, LLC ("Hudson"),[2]

---

[1] Defendant Swift Transportation Services, LLC is the employer of Defendant Phillips. Plaintiff asserts vicarious lability. (Doc. 2 at ¶¶ 2-3).
[2] Defendant Hudson Insurance Agency LLC was an insurer of Plaintiff at or around the time of the accident. (Doc. 2 at ¶10). The caption of the complaint suggests that the Plaintiff served the Defendant through its statutory agent in Indiana, c/o Norman Hudson, Statutory Agent, 2505 Boca Raton Drive Valparaiso, IN 46383.

and the North Carolina Medicaid Division of Health Benefits ("Medicaid").[3] On January 6, 2020, Defendant Hudson filed a motion to dismiss through its Indiana statutory agent, asserting a lack of personal jurisdiction in Ohio.

On January 9, 2020, Defendant Phillips removed the case to this federal court on the basis of diversity jurisdiction. (Doc. 1 at 1). Other than the limited appearance created by Defendant Hudson's motion to dismiss filed in state court, neither Hudson nor Medicaid have answered the complaint or made any appearance in this Court. Defendant's Notice of Removal asserts that Plaintiff is a resident and citizen of North Carolina, that Defendant Swift is a citizen of Arizona, and that Defendant Phillips is a citizen of Virginia. The Notice further alleges that unanimous consent for removal is not required of all Defendants because Hudson and Medicaid are both only nominal parties.

This Report and Recommendation concerns only the pending motion to dismiss filed by Defendant Hudson, to which Plaintiff filed no response.

II. Analysis

According to the Complaint, Defendant insured Plaintiff on or around December 26, 2017, and Plaintiff filed a claim with Defendant for underinsured motorist coverage. (Doc. 2 at ¶¶ 10-11). Plaintiff asserts that her insurance plan from Defendant included underinsured motorist coverage, but admits she does not have a complete record of the policy. (*Id.*) The requirements for establishing personal jurisdiction in a diversity case are well established in the Sixth Circuit.

> The plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence. *See Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 & n.

---
[3] Defendant NC Medicaid Division of Health Benefits may have paid benefits to Plaintiff in connection with the action. (Doc. 2 at ¶16).

3 (6th Cir.2006); *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). But where, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. *Kroger,* 437 F.3d at 510. In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions. *See Kerry Steel,* 106 F.3d at 153; *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261–62 (6th Cir.1996).

*Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

Plaintiff's complaint generally alleges only that the Defendant is authorized to do business relating to insurance in Warren County, Ohio. (Doc. 2 at ¶8). Plaintiff did not object to removal of the case to this federal court, and the Notice of Removal characterizes Hudson as a nominal party in part based upon additional undisputed facts alleged by the statutory agent for Defendant Hudson in statements filed in state court as well as in the motion to dismiss. The statutory agent states that he briefly held an Indiana insurance brokerage license between 2011 and April 30, 2013, but that such license was never renewed, and that he has never been licensed to sell insurance in any other state. (Doc. 1-1 at PageID 13; *see also* Doc. 1 at PageID 3-4). Thus, the date on which Hudson's Indiana license to sell insurance expired was more than three years *prior* to the subject accident. Additionally, Hudson Insurance Agency, LLC states, without dispute from Plaintiff,[4] that it has never been licensed in the State of Ohio, insured any person, property or risk within Ohio at the time of contracting, solicited business in Ohio, or

---

[4] The Defendant claims to have no relationship with Plaintiff, and no knowledge of the accident. Despite the inconsistency of that assertion with the complaint, any dispute as to the parties' relationship is not material given the undisputed facts that reflect a lack of Defendant's contacts with Ohio. *See generally, Alcantarilla v. State Farm Mut. Auto Ins. Co.*, 2015 WL 8785007 (W.D. Pa. Dec. 15, 2015) (discussing personal jurisdiction issues over out-of-state automobile insurance carrier).

transacted any business in Ohio that would constitute jurisdiction over the Defendant. (Doc. 4 at ¶¶ 2-5). Indeed, Plaintiff herself is a resident of North Carolina, not Ohio.

Plaintiff's complaint does not contain any allegations that would suggest why personal jurisdiction should exist over Defendant Hudson under the Ohio long-arm statute[5] or Ohio Rule of Civil Procedure 4.3(A). She has failed to respond to the motion to dismiss and the Defendant's factual assertions as to its lack of Ohio contacts are undisputed. Therefore, Plaintiff has failed to meet her burden of proving personal jurisdiction over Defendant Hudson.

### III.   Conclusion and Recommendation

For the reasons discussed, **IT IS RECOMMENDED** that the Defendant Hudson's motion to dismiss for lack of personal jurisdiction (Doc. 4) be **GRANTED**, and that Defendant Hudson be dismissed from this case.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] R.C. 2307.382(A)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JASMINE ROBESON,

          Plaintiff,

  v.

SWIFT TRANSPORTATION SERVICES, LLC, et al.,

          Defendants.

Case No: 1:20-cv-28

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).